SCHULTZ, Respondent, vs. EBERLE, Appellant.

*March 18—April 5, 1905.*

*Real-estate brokers: Right to commission: Court and jury.*

In an action to recover for services in negotiating an exchange of lands, the evidence being conflicting as to the terms of the oral contract under which plaintiff claimed, it is *held* that it was a question for the jury whether he had earned the agreed commission.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

This action was commenced in a justice's court of Washington county by the plaintiff to recover for services alleged to have been performed by plaintiff for defendant. The complaint was oral, and alleged that defendant was indebted to the plaintiff in the agreed sum of $100 for services performed by plaintiff for said defendant, at his special instance and request, in and about finding said defendant a purchaser for his farm, situate in the town of Jackson, Sheboygan county, Wisconsin. The answer is a general denial. Judgment was rendered in justice's court for the plaintiff.

Defendant appealed to the circuit court for Washington county, and a change of venue was taken to the circuit court for Sheboygan county and the case tried. After the evidence was in, both parties moved for a directed verdict; and the court, on plaintiff's motion, directed a verdict for the plaintiff for the amount claimed. Judgment was rendered in favor of the plaintiff upon the verdict, from which this appeal is taken. Defendant assigns the following errors: (1) The court erred in directing a verdict for plaintiff. (2) The court erred in refusing to direct a verdict for defendant.

The cause was submitted for the appellant on the brief of

*Bow & Ferguson,* and for the respondent on that of *Barney & Kuechenmeister.*

KERWIN, J. The only question involved upon this appeal is whether there was evidence sufficient to go to the jury on the material facts in the case, namely, the terms of the contract between the plaintiff and defendant, and whether it had been performed upon the part of the plaintiff.

The contract was oral, and its terms must be. gathered from the testimony produced on the trial. It is contended by plaintiff that under the contract it was incumbent upon plaintiff, in order to earn the $100, to produce a party ready, willing, and able to exchange Milwaukee property for defendant's farm upon terms satisfactory to defendant, and that upon so doing he had performed his contract and became entitled to recover his commission. The testimony of the plaintiff himself would seem to bear the construction that he was not only to produce a person ready, willing, and able, but one with whom the defendant would agree. Upon the trial plaintiff testified:

"*Q.* Now go on and tell the rest of it. *A.* He told me I should come out with the man that owned that property, on his farm; and, when he told me that, he says, 'If I would agree with the man on that property, how much commission I would charge?' I told him $100. He says, 'All right.' "

This is the main evidence of contract on the part of plaintiff. Pursuant to this talk, plaintiff and Rohr, owner of the Milwaukee property, called upon defendant at his farm February 13, 1903, and, according to plaintiff's version of the testimony, agreed upon the exchange of defendant's farm for the Rohr property in Milwaukee, Rohr paying defendant $25; but no papers were passed or the deal concluded. At this time each party gave plaintiff his abstract to have extended, and it was then agreed that on the following Wednesday, February 18, 1903, they would meet at

Cedarburg. They met accordingly, but nothing was done, they agreeing to meet again on the 23d, defendant refusing to execute a deed because his wife had not seen the Milwaukee property. Plaintiff further testified that on the 23d he and Rohr did not go to Cedarburg because they were not ready. Some two weeks later they went to defendant's farm and defendant then refused to trade.

There is evidence on the part of the defendant tending to show that the agreement was that plaintiff was not to have his commission unless a trade was actually made, and after the papers were executed, and "when the papers and everything would be all O. K." Furthermore, defendant did not agree to close the bargain at the time testified to by plaintiff, but reserved the right to examine into the value of the Milwaukee property and also to examine it with his wife, and that he would not trade until he found out all about what plaintiff was telling him. That he took the $25 with the understanding that if no trade was made he would return it, and that he refused to give a receipt, so he would not be bound, and with the understanding that he and his wife should have an opportunity to examine the property. On the 23d of February, 1903, defendant went to Cedarburg as agreed, but neither plaintiff nor Rohr appeared; and on the 27th he went to Milwaukee and looked over the property, and then went to the home of plaintiff and informed plaintiff he would not trade; tendering him the $25, which plaintiff refused to accept, telling defendant to give it to Rohr.

It is contended by counsel for plaintiff that the uncontradicted testimony shows that plaintiff fulfilled his contract by securing a party with whom defendant agreed to trade, thereby earning his commission. From a careful examination of the testimony we are convinced that the case should have been submitted to the jury. The defendant's testimony very strongly tends to prove that the commission was

not to be paid until the exchange of property was consummated on terms satisfactory to defendant; that plaintiff was to have $100 commission when the deal was made and the papers and everything done satisfactory to defendant. There is sharp conflict in the evidence upon the main issues, and the case should have been submitted to the jury. It follows, therefore, that the court erred in directing a verdict for plaintiff, and that no error was committed in refusing to direct a verdict for defendant.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for a new trial.